UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONYA CAPERS,                                              **22cv9872 (VEC)(OTW)**

                                    Plaintiff


            - against -


BSREP UA 3333 BROADWAY LLC and URBAN
AMERICAN MANAGEMENT NYC, LLC

                                    Defendants


**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
APPLICATION FOR DEFAULT JUDGMENT**

JAMES E. BAHAMONDE, ESQ
Law Offices of James E. Bahamonde, P.C.
Attorney for the Plaintiff(s)
2501 Jody Court
North Bellmore, NY 11710
Tel:  646-290-8258
James@civilrightsNY.com

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT …………………………………………    1

II. FACTUAL BACKGROUND  ………………………………………    1

III.  LEGAL ARGUMENT  …….…………………………………………...    3

    A.     Default Judgment Standard ……………………………..…………    3

    B.     Defendant has Discriminated Against Plaintiff in Violation of the
         FHA, NYSHRL, and NYCHRL        …………………………    5

         1.     Discrimination in the Terms, Conditions, Privileges of Rental
            of a Dwelling Because of Disability  …………………………    7

         2.     Defendant Urban American Management NYC, LLC Failed to
            Make a  Reasonable Accommodation under the FHA and NYS
            Human Rights Law        ………………………………………    8

         3.     Defendant Urban American Management NYC, LLC Failed to
            Make a Reasonable Accommodation Under NYCHRL  ….    9

    C.     Plaintiff is a Prevailing Party and Entitled to an Award of Attorney's
         Fees and Costs        …………………………………………    10

    D.     The Amount of Attorney's Fees and Costs Plaintiff Seeks Are
         Reasonable        …………………………………………………    11

IV.    CONCLUSION        …………………………………………………    16

## I.    PRELIMINARY STATEMENT

Plaintiff Tonya Capers moves for default judgment and entry of a permanent injunction against Defendant Urban American Management NYC, LLC for its failure to appear, or otherwise defend the Complaint, and to enjoin Defendant Urban American Management NYC, LLC from further discrimination, modification to its policies, practices, and procedures, and retaliation against Ms. Capers. Plaintiff also seeks an order awarding attorney's fees and costs.

## II.    FACTUAL BACKGROUND

Plaintiff Tonya Capers is paralyzed, cannot walk, and is substantially limited in maintaining her balance, has no trunk support, and uses a wheelchair for mobility. (*See,* Dkt. No. 1; Complaint ¶ 27 – 28). On May 20, 2023, Ms. Capers commenced the instant action against Defendants BSREP UA 3333 Broadway, LLC and Urban American Management NYC, LLC for their unlawful housing discrimination in violation of the Fair Housing Act ('FHA'), New York State Human Rights Law ('NYHRL'), and New York City Human Rights Law ('NYCHRL').  In particular, the current action stems from Defendants' refusal to grant Ms. Capers permission to make a reasonable modification of replacing the inaccessible bathtub in her apartment's bathroom with a roll-in shower at her own expense, and for Defendants to replace the refrigerator in her apartment with one that has an accessible door. The former request was made despite that Defendants are legally responsible to pay for the cost of the  modification. , However, Defendants denied both of her requests.   As a consequence, for more than a year, Ms. Capers has been unable to safely use the shower and risks serious injury each and every time she bathes. In fact,  she has fallen multiple times while doing so.

What's more, the requested accommodations and modifications were necessary to afford Ms. Capers an equal opportunity to use and enjoy the dwelling. As Ms. Capers alleges in the

Complaint, she cannot open the refrigerator door because there is insufficient room in the kitchen to maneuver her wheelchair. (*See id* ¶¶ 43 – 45). In or about May 2023, and without notice to Ms. Capers, or with her consent, Defendants entered her apartment and replaced the refrigerator with another having an inaccessible door. (*See id* ¶ 44). For over a  year, Ms. Capers has been unable to open the refrigerator by herself and requires someone to do it for her. (*See id* ¶¶ 43 – 45).

Similarly, Ms. Capers does not have an equal opportunity to use and enjoy her bathroom shower that an able-bodied tenant does. Because of her disability, Ms. Capers cannot safely transfer from her wheelchair onto a shower bench in the bathtub. (*See id* ¶¶ 35 – 36). Accordingly, Ms. Capers sought Defendants' permission to make a reasonable modification to her bathroom by installing a roll-in shower, grab bars, and a detachable showerhead. (*See id* ¶ 34). Ms. Capers also made it clear to Defendants' agent that she was not asking for them  to pay for any of these modifications to the bathroom. (*See id* ¶ 34).

As a result, on May 20, 2024, Plaintiff filed the instant action against Defendants BSREP UA 3333 Broadway LLC and Urban American Management NYC, LLC who own and manage the multifamily apartment building located at accommodation located at 3333 Broadway, New York, New York, respectively.  (*See,* Dkt. #1; see also Decl. of Decl. of James Bahamonde, **Exhibit 1**; Complaint ¶¶ 21 – 22).

 On June 11, 2024, Defendant Urban American Management NYC, LLC was duly served with a summons and complaint of this action. Proper service was certified to this Court with an affidavit of service filed on July 30, 2024 (s*ee*, Dkt. # 13). On July 31, 2024, the Clerk recognized that Defendant Urban American Management NYC, LLC was properly served and failed to appear or otherwise defend and issued a Certificate of Default as to Defendant Urban

American Management NYC, LLC. (Dkt. Doc. # 19; *see also* Decl. of James Bahamonde, **Exhibit 2**).[1] Since more than 21 days have passed without Defendant Urban American Management NYC, LLC filing responsive pleadings or motions, and the Clerk of the Court has certified this Defendant's default, Plaintiffs respectfully request that the Court enter default judgment against Defendant Urban American Management NYC, LLC and an injunction proscribing this Defendant from discriminating against Plaintiff on the basis of disability, requiring Defendant to make a reasonable accommodation and modification, and enjoin Defendant from discriminating against Plaintiff in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability.   Plaintiff also respectfully requests the Court to enter an order awarding attorney's fees and costs pursuant to the FHA, NYHRL, and the NYCHRL.

### III.    LEGAL ARGUMENT

#### A.    Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgments. First, under Rule 55(a), when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. *See* Fed. R.Civ.P. 55(a); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993).

As noted above, on July 31, 2024, the Clerk of the Southern District entered a Certificate of Default against Defendant Urban American Management NYC, LLC. (*See*, Dkt. Docs. No. 19; *see also* Decl. of James Bahamonde, **EXHIBIT 2**).

---

[1] Decl. of James Bahamonde, **Exhibit 2**; Certificate of Default as to Urban American Management NYC, LLC.

Next, pursuant to subsection (b)(2) where the relief Plaintiff requests is not a sum certain, the Court may conduct hearings or order references as to damages and may award damages without hearings when there is sufficient basis for the amounts specified in the request for default judgment. *See,* Fed. R.Civ.P. 55(b)(2); *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount. *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, an inquest to determine the amount of damages may be premature when parties are jointly and severally liable. *See*, *Farberware, Inc. v. Groben*, No. 89 Civ. 6240 (PKL), 1991 U.S. Dist. LEXIS 8994, at *7-8 (S.D.N.Y. July 3, 1991). Consequently, judgment solely as to liability should be entered against the defaulting party, and an inquest to determine the level of damages should be consolidated with the damages aspect of the trial against the non-defaulting Defendant. *See*, *Farberware, Inc. v. Groben, No. 89 Civ. 6240 (PKL),* 1991 U.S. Dist. LEXIS 8994, at *10 (S.D.N.Y. July 3, 1991) quoting *6 Moore's Federal Practice, supra, at 55-42 n.17.* Additionally, district courts should delay the entry of final judgment under Rule 54(b) "where the asserted liabilities of the defendants, one of whom is dismissed, are very closely related." *Veerji Exps. v. Carlos St Mary, Inc.*, 2023 U.S. Dist. LEXIS 54356, at *4 (S.D.N.Y. Mar. 29, 2023)

In issuing a default judgment, the Court may also simultaneously issue an injunction provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute, and (2) showing of "irreparable injury." *Acciai Speciali Terni USA, Inc. v. Momene*, 202 F. Supp. 2d 203, 207 (S.D.N.Y. 2002); *see also, Realsongs v. 3A N. Park Ave. Rest Corp.*, 749 F. Supp. 2d 81, 93 (E.D.N.Y. 2010)("[a] court may 'issue an injunction on a motion

4

for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction.'"). A party seeking a permanent injunction must also demonstrate *actual* success on the merits, rather than a *likelihood* of success on the merits. *Id.,* citing *Amoco Production Co. v. Village of Gambell, Alaska*, 480 U.S. 531, 546 n.12 (1987).  However, the traditional showing of irreparable harm is not required when a plaintiff seeks equitable relief to prevent the violation of a federal statute which specifically provides for injunctive relief. *Gucci Am., Inc. v. Duty Free Apparel, Ltd.,* 286 F. Supp. 2d 284, 290 (S.D.N.Y. 2003); *see generally* 7 Moore's Federal Practice P65.04 [1] (n. 72)(1991)(when an injunction is sought under a statute which expressly authorizes such relief, irreparable injury need not be demonstrated, and it is sufficient to show that the statutory conditions have been met).

In this case, the first condition is met because an injunction is an available remedy under the federal law. Pursuant to 42 USC § 3613(c)(1), in a civil action such as this case, when the Court finds that a discriminatory housing practice has occurred, or is about to occur, aside from actual or punitive damages, the Court may grant as relief a permanent injunction or other order enjoining the Defendant from engaging in such practice, or affirmative action, as may be appropriate.

**B.**    **Defendant has Discriminated Against Plaintiff in Violation of the FHA, NYSHRL, and NYCHRL**

The FHA, NYHRL, and NYCHRL are unambiguous in  mandating fair housing throughout their respective jurisdictions. *See* 42 USC § 3601; NYHRL § 290; NYC Administrative Code § 8-101. These statutes permits an aggrieved disabled individual to file a civil action for damages and preventive relief, including an application for a permanent injunction, restraining order, or other order. *See* 42 U.S.C. § 3613(c); NYHRL § 297(1); NYC Administrative Code 8-502(a). The

5

language of the FHA, NYHRL, and NYCHRL are substantively and textually similar. *See* 42 SC 3604, N.Y. Exec. Law § 296(2-a)(d)(1), 296(5)(a)(2), 296(5)(b)(2), 296(18)); NYC Human Rights Law [Administrative Code] §§ 8-107.4 and § 8-107.15. Therefore, as Defendant has violated the FHA, it also violates the analogous provisions of the NYHRL and NYCHRL.

As such, a housing provider, including management company, may not discriminate against any person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability. *See*, 42 U.S.C. § 3604(f)(2); NYHRL § 296(2-a)(b); NYC Administrative Code § 8-107(5)(a)(b). The FHA and NYHRL also define discrimination as a failure to make a reasonable accommodation in the rules, policies, practices, or services, when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling. *See*, 42 U.S.C. § 3604(f)(3)(B); NYHRL § 296(2)(d). Additionally, the FHA and NYHRL define unlawful housing discrimination as a refusal to permit, at the expense of the disabled person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises. *See*, 42 U.S.C. § 3604(f)(2)(B); NYHRL § 296(2)(d)(1).

Further, unlike federal and state law, NYCHRL requires housing providers to make and pay for reasonable accommodations that would enable a disabled tenant equal use and enjoyment of their housing unit. *See*, NYC Administrative Code § 8-107(15).

With this background in mind, Plaintiff now turns to her entitlement to default judgment, and injunctive relief under 42 USC § 3613(c).

6

1.    **Discrimination in the Terms, Conditions, Privileges of Rental of a Dwelling Because of Disability**

42 USC § 3604(f)(2), makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling because of a handicap. The U.S. Department of Housing and Urban Development regulations list seven non-exhaustive prohibited actions in connection with this statute. They include failing or delaying maintenance or repairs, or limiting the use of privileges or services associated with a dwelling because of disability, as well as denying or limiting services or facilities in connection with a dwelling because of disability. *See*, 24 C.F.R. § 100.65(b); *L.C. v. LeFrak Org., Inc.*, 987 F. Supp. 2d 391, 395 (S.D.N.Y. 2013).

To establish a claim under Section 3604(f)(2) of the FHA, Plaintiff must establish (1) the plaintiff was disabled within the meaning of the FHA, and (2) Defendants took adverse action against the plaintiff, which was motivated, at least in part, by the plaintiff's disability. *Mazzocchi v. Windsor Owners Corp.*, 204 F. Supp. 3d 583, 608 (S.D.N.Y. 2016) citing *Mhany Mgmt. v. Cty. of Nassau*, 819 F.3d 581, 613 (2d Cir. 2016)

Plaintiff alleges she is paralyzed, cannot walk, is substantially limited in maintaining her balance, has no trunk support, and uses a wheelchair for mobility. (*See,* Dkt. No. 1; Complaint ¶ 27 – 28). Thus, she is an individual with a qualifying disability as that term is defined by the FHA as her physical disability substantially limits her in performing one or more major life activities. *See*, 42 USC § 3602(h).

Next, despite Defendants' knowledge of Ms. Caper's disability and physical limitations, her requests that the defendants replace the inaccessible refrigerator door, as well as her request for permission to replace the bathtub with a roll-in shower, Defendants denied Ms. Caper's statutory right to be able to use and enjoy these features of her apartment in the same manner

7

than nondisabled tenant would.[2] Accordingly, the Complaint alleges that Defendants have discriminated against her because of actual or perceived disability in the terms, conditions, or privileges of her dwelling. *See id.* Furthermore, Defendants have constructively failed or delayed maintenance or repairs of the refrigerator, or limiting the use of privileges or services associated with a dwelling because of disability, as well as denying or limiting services or facilities in connection with a dwelling because of disability. Since Defendants have never responded to her repeated requests for accommodation on these items, Defendants have constructively taken adverse action against the Plaintiff, motivated by the Plaintiff's disability. *See id*.

### 2. Defendant Urban American Management NYC, LLC Failed to Make a Reasonable Accommodation under the FHA and NYS Human Rights Law

To establish liability under the FHA for failing to make a reasonable accommodation, a plaintiff must show (1) she had a disability within the meaning of 42 USC § 3602(h); (2) the defendant knew or reasonably should have been expected to know of the disability; (3) the accommodation was likely necessary to afford the disabled person an equal opportunity to use and enjoy the dwelling; (4) the accommodation requested was reasonable; and (5) the defendant refused to make the requested accommodation. *Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014). Additionally, the FHA defines unlawful discrimination as a person's refusal "to permit, at the expense of the [disabled] person, reasonable modifications of existing premises occupied . . . by such person if such modifications may be necessary to afford such person full enjoyment of the premises." *See* 42 U.S.C. § 3604(f)(3)(A); *Timmons v. Kingsley-Johnston, Inc.*, No. 5:18-CV-1087 (LEK/TWD), 2020 U.S. Dist. LEXIS 212294, at *19 (N.D.N.Y. Nov. 13, 2020). The standards to establish liability for failure to make a reasonable accommodation and

---

[2] (*See,* Dkt. #1; Decl. of James Bahamonde, **Exhibit 1**; Complaint ¶¶ 27 – 29, 34 – 39, 43 – 45).

reasonable modification under the FHA and NYSHRL are the same and, accordingly, will be addressed jointly below.

As a consequence of Defendant Urban American Management NYC, LLC's default , it is deemed to have admitted all allegations contained in the Complaint associated with its liability. *See* Federal Rules of Civil Procedure, Rule 55(a); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993); *Philip Morris USA Inc. v. A & V Minimarket, Inc.*, 592 F. Supp. 2d 669, 672 (S.D.N.Y. 2008).

As stated above, Plaintiff has a qualifying disability as that term is defined by the FHA. (*See,* Dkt. No. 1; Complaint ¶ 27 – 28). Defendant Urban American Management, LLC has also been aware of Ms. Caper's mobility impairments because they are obvious because she cannot stand or walk, and uses a wheelchair to ambulate. (*See,* Dkt. No. 1; Complaint ¶¶ 27 – 29). Ms. Capers has also interacted with Defendant's agents' multiple times in-person when making the aforementioned requests for reasonable accommodations., Ms. Capers has also provided Defendant's agents with a letter from her physician that identifies her disabling limitations. (*See,* Dkt. No. 1; Complaint ¶¶ 36, 37, 45).  Plaintiff has also alleged that the accommodations requested were reasonable and necessary. (*See id* ¶¶ 54 and 70). Lastly, Defendants refused to respond to Ms. Caper's request make the reasonable accommodation. (*See id* ¶¶ 54 and 70

### 3.    Defendant Urban American Management NYC, LLC Failed to Make a Reasonable Accommodation Under NYCHRL

It bears mention that one key difference between the New York City Human Rights Law and its State and federal counterparts is that it requires a housing provider to make and pay for reasonable accommodations that would enable a disabled tenant the equal use and enjoyment of their housing unit.  *See*, NYCHRL, NYC Administrative Code § 8-107(15).

In any event, similar to establishing liability for refusing to make a reasonable accommodation in violation of federal and state law, Ms. Capers has sufficiently alleged facts to establish that the reasonable accommodations she requested – a refrigerator with an accessible door is necessary to afford her equal opportunity to use and enjoy her apartment.[3] As it stands now, Ms. Capers must wait for someone to assist her in accessing the contents of her refrigerator.

### C.  Plaintiff is a Prevailing Party and Entitled to an Award of Attorney's Fees and Costs

In an action commenced under the FHA, NYHRL or NYCHRL, a Court may, in its discretion, make an award to a prevailing party for reasonable attorney's fees, including litigation expenses and costs. 42 U.S.C. § 3613; NYSHRL 296(10);NYC Administrative Code § 8-502(f). To qualify as a prevailing party, a civil rights plaintiff must obtain some relief on the merits of their claim. *Marriott v. Cty. of Montgomery*, 426 F. Supp. 2d 1, 3 (N.D.N.Y. 2006), All the plaintiff must do to qualify as a prevailing party is to obtain an enforceable judgment against the defendant from whom fees are sought. *See, Id; see also, Hewitt v. Helms*, 482 U.S. 755, 760 (1987). Success on any significant issue in litigation that achieves some of the benefit sought is sufficient to qualify as a prevailing party for the purposes of determining an award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In the matter at bar, Plaintiff asserted claims against Defendant Urban American Management NYC, LLC seeking injunctive relief on her requests for reasonable modification and accommodations with respect to an accessible refrigerator door, and a safer, accessible shower. . If the Court grants the default judgment or permanent injunction on these claims, Plaintiff shall have obtained an enforceable judgment, which qualifies her as a prevailing party for the purpose

---

[3] (*See,* Dkt. #1; Decl. of James Bahamonde, **Exhibit 1**; Complaint ¶¶ 43 – 45, and 78 – 82).

of awarding of attorney's fees and costs against Defendant Urban American Management NYC, LLC.

### D.    The Amount of Attorney's Fees and Costs Plaintiff Seeks Are Reasonable

In determining whether the amount claimed in attorney's fees and costs by a successful plaintiff is reasonable, the district court must follow the discretionary inquiry enunciated by the Second Circuit in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182 (2nd Cir. 2007)). The *Arbor Hill* court abandoned the use of the lodestar method, and adopted the "reasonable presumptive fee" in calculating attorney's fees -- essentially, the reasonable hourly rate is one that a client would ordinarily pay. *Arbor Hill*, *supra*, at 190.

In determining this rate, the Second Circuit adopted twelve factors to guide the inquiry as to what constitutes a reasonable hourly rate. *See Friedman v. Sharinn & Lipshie, P.C.*, 2013 U.S. Dist. LEXIS 64541 * 25-26 (E.D.N.Y. Mar. 28, 2013) citing *Arbor Hill supra*,  at 187 n. 3. That is: (1) the time and labor required; (2) the novelty and difficulty of the question presented; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*.

In addition to these factors, the *Arbor Hill* Court counseled district courts that in order to determine the reasonableness of fee applications, it must bear in mind all of the case-specific variables that the Second Circuit and other courts have identified as relevant to the reasonableness of the attorney's fees in setting a reasonable hourly rate.  This is to say the rate a

paying client would be willing to pay. *Hardaway v. Ridgewood Corp.*, 706 F. Supp. 2d 436, 438 (S.D.N.Y. 2010) quoting *Arbor Hill*, *supra*, at 190. In determining a reasonable rate, courts should consider that a paying client wishes to spend the minimum necessary to litigate their case effectively, as well as that a client may be able to negotiate with their attorney, using the attorney's desire to obtain the reputational benefits that might accrue from being associated with the case. *See, Id*.

In cases under the FHA, counsel for Plaintiff  normally receives $545 per hour from clients who retain the firm on an hourly fee basis. (*See*, Decl. of James Bahamonde ¶ 12). "[T]he best measure of the cost of an attorneys' time is what that attorney could earn from paying clients" *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993). "The attorneys' actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." *People Who Care v. Rockford Bd. Of Educ.*, 90 F.3d 1307,1310 (7th Cir. 1996) quoting *Gusman*, 986 F.2d at 1150).

Indeed, the hourly fee charged by Plaintiff's counsel to paying clients is reasonable when compared to the hourly fees awarded to counsel in relatively recent cases in the New York City metropolitan area. *See*, *e.g.*, *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019) (awarding $425 rate for attorney with approximately 18 years of ADA litigation experience); *Munoz v. The Manhattan Club Timeshare Ass'n Inc.,* No. 11-CV-7037, 2014 WL 4652481 (S.D.N.Y) (Sept. 18, 2014) (10 years ago; reasonable hourly rate for experienced civil rights attorneys in Southern District ranges from $250 to $600 per hour;  counsel had almost twenty years of experience in such cases and entitled to $400 per hour); *Rodriguez v. McLaughlin*, 84 F.Supp.2d 417 (S.D.N.Y. 1999) (  25 years ago; $425 reasonable hourly rate for partner at civil rights firm); *Moon v. Kwan*, 2002 U.S. Dist. LEXIS 21775 (S.D.N.Y. Nov. 8, 2002) (22 years ago;

awarding $350/hour for experienced civil rights attorney); *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 190 F.Supp.2d 407,426 (E.D.N.Y. 2002) rev'd sub nom on other grounds, *Empire Healthchoice, Inc. v. Philip Morris, Inc.*, 393 F.3d 312 (2d Cir. 2004) (20 years ago; Dewey Ballantine partners' rate of $449-540 did not exceed norm for New York community in consumer protection claim); *Ursa Minor, Ltd. v. Aon Fin. Prods.*, 2001 U.S. Dist. LEXIS 7455, *18-20 (S.D.N.Y. May 30, 2001)(23 years ago; hourly rates of $450-550 for partners within normal New York City range in breach of contract claim); *Bianco v. Erkins*, 284 B.R. 349, 352 (S.D.N.Y. 2002) (22 years ago; partner rate of $535-595 reasonable in breach of contract claim).

Moreover, the fact that counsel is a solo practitioner should not be determinative of the appropriate hourly rate. *See*, *e.g.*, *McDonald v. Pension Plan of The NYSA-ILA Pension Trust Fund*, 450 F.3d 91 at n. 6 (2nd Cir. 2006) (district court should not treat attorney's status as solo practitioner as grounds for automatic reduction in reasonable hourly fee; court *may* look to rates charged by similarly situated attorneys, including large- and medium-sized firms) (emphasis in original); *see also*, *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058 (2nd Cir. 1989).

### 1.    Novelty and difficulty of questions presented

The instant matter consisted of a set of Federal, State and City civil rights claims against Defendant. However, despite the fact that this case presented neither new or difficult questions for the Court to consider, as the *Arbor Hill* makes clear, the standard for determining the correct hourly rate for attorney's fees is counsel's current customary rates, with consideration paid to other factors enumerated and discussed in the annexed Declaration in making any adjustments to the fee that the Court deems appropriate.

### 2,    Plaintiff Obtained an Overall Successful Result in this Action.

13

It is well-established that the degree of success obtained is a factor to consider in determining the reasonableness of counsel's fees. *See*, *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see*, *e.g.*, *Peacock v. Schwartz*, 154 F.Supp.2d 428, 430 (E.D.N.Y. 2001) (degree of success is factor in considering and awarding attorneys' fees). In the matter at bar, Plaintiff anticipates obtaining a default judgment and permanent injunction, as well as an award of statutory and compensatory damages.

The injunctive relief will enjoin Defendant Urban American Management NYC, LLC, from further discrimination against Plaintiff under relevant Federal, State and City laws, which is the basis of the relief the Plaintiff sought in the Complaint.  By obtaining such a judgment, it can be said that counsel has achieved a successful result in this action for the Plaintiff.

**3.      Time and Labor Required**

Plaintiff's counsel, James E. Bahamonde, spent a total of 16.5 hours related to the instant default judgment against Defendant Urban American Management NYC, LLC, and drafting and preparing this declaration in support and the proposed default judgment order. (*See*, Decl. of James Bahamonde ¶ 13; **EXHIBIT 3** (timesheet record itemizing time and labor required)).

**4.      Preclusion of Other Employment**

Counsel was precluded from pursuing other matters by accepting this case. Although counsel did not expend an exorbitant amount of time on this motion for default, because he is a solo practitioner, and has limited time and resources, other employment opportunities had to be passed over while counsel shepherded this matter to completion.

**5.      Plaintiff has an Hourly Fee Agreement with Counsel**

Prior to the commencement of the instant case, Plaintiff entered into a retainer agreement with counsel, which charges an hourly fee of $545 for work counsel performed on the case. (*See*,

14

Decl. of James Bahamonde ¶ 12). Thus, the fee counsel may receive is not limited by a contingency arrangement, or any other private agreement. *See*, *e.g.*, *Venegas v. Mitchell*, 495 U.S. 82, 87-88 (1990) (even where statute provides fee-shifting mechanism, deference still given to private agreements between the parties; private agreements co-exist with fee shifting statutes).

### 6.    Desirability of the Case

The instant action is not the sort of case attorneys would normally be eager to take because there is not a great potential for significant monetary judgment.

### 7.    Experience, Reputation and Skill of Plaintiff's counsel

As mentioned in the Declaration of James E. Bahamonde, counsel has practiced law in both Federal and State courts for more than 21 years, of which 20 years have been spent as a solo practitioner primarily focusing on housing and disability discrimination. (*See*, Decl. of James Bahamonde ¶¶ 2). In that time, Plaintiff's counsel has assisted more than 1000 disabled individuals with their claims of housing and disability discrimination. (*See, id* at ¶ 3) Thus, counsel is both skilled and experienced in matters such as the present case, and should be compensated as such.

### 8.    The Hours Claimed Are Reasonable and Recorded

The party seeking an award of fees should submit evidence to support the number of hours worked and rates claimed. However, the attorney "is not required to record in great detail how each minute of time was expended. But at least counsel should identify the general subject matter of his time expenditures." *N.Y.S. Teamsters Conference Pension & Retirement Fund v. United Parcel Serv., Inc.*, 2004 U.S. Dist. LEXIS 3062, *10 (N.D.N.Y. Feb. 27, 2004) (citing *Hensley*, *supra*, at 437 n. 12); *see also*, *Tufano v. Riegel Transportation, Inc.*, 2006 U.S. Dist. LEXIS 59519, *20 (E.D.N.Y. Aug. 23, 2006). Plaintiff's submission of contemporaneous time and billing records attached to the Declaration of James E. Bahamonde as **EXHIBIT 3** clearly satisfies these

requirements. To determine the number of hours that are properly compensable, the Court must

initially consider the amount of time reasonably spent on each category of tasks, as documented

by the contemporaneous time records of the moving party's attorneys. In calculating the number

of reasonable hours, the court looks to its own familiarity with the case, its experience with the

case, and its experience generally, as well as to the evidentiary submissions and arguments of the

parties. *See Pinner v. Budget Mortgage Bankers, Ltd.*, 336 F.Supp.2d 217, 221 (E.D.N.Y. 2004).

The Bahamonde Declaration outlines the procedural and discovery history of the action

and provides computerized time sheets memorializing contemporaneous time records for the 16.5

hours of work completed on filing the application seeking a default judgment and permanent

injunction, along with attorney's fees and costs.

### 9.    Attorney's Fees Incurred in Making This Application and Costs Should Be Awarded

Attorneys' fees should be awarded for time spent on this fee application -- so-called "fees

on fees." It is well-settled that time reasonably spent by plaintiff's attorneys in establishing their

fee pursuant to fee-shifting statutes, such as 42 U.S.C. § 3604, is recoverable. *See*, *e.g.*, *Pascuiti v.

N.Y. Yankees*, 108 F.Supp.2d 258, 273 (S.D.N.Y. 2000) (awarding prevailing plaintiff attorneys'

fees for time spent preparing its application for attorney's fees); *see*, *Gagne v. Maher*, 594 F.2d

336,344 (2d Cir. 1979), *affd on other grounds*, 448 U.S. 122 (1980) ("time reasonably spent by

plaintiff's attorneys in establishing their fee" pursuant to fee shifting statutes is "compensable");

*see also*, *Davis v. City of New Rochelle, N.Y.*, 156 F.R.D. 549, 560 (S.D.N.Y. 1994).

In sum, the Plaintiff seeks an award of the attorney's fees in the amount of $8,992.50. (*See*,

Decl. of James Bahamonde, **EXHIBIT 3**; itemized spreadsheet regarding fees).

## IV.    CONCLUSION

For all the foregoing reasons set forth above, Plaintiff respectfully requests an order

granting default judgment against Defendant Urban American Management NYC, LLC for its

failure to file a responsive pleading, a permanent injunction enjoining Defendant from further

discrimination against the Plaintiff, an award of attorney's fees and costs, and for other and

further relief as the Court may deem to be just and proper.


Dated: September 3, 2024


X _____/s/ James Bahamonde_____

JAMES E. BAHAMONDE
Law Offices of James E. Bahamonde, P.C.
Attorney for the Plaintiff
2501 Jody Court
North Bellmore, NY 11710
Tel:  (646) 290-8258
Fax: (646) 435-4376

17