UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONYA CAPERS,<br><br>                              Plaintiff,<br><br>v.<br><br>BSREP UA 3333 BROADWAY LLC and UAB PROPERTY MANAGEMENT, LLC<br><br>                              Defendants. | 24cv3892 (MMG)(SN)<br><br>**AMENDED COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff **TONYA CAPERS**, by her attorney, the law firm of James E. Bahamonde, P.C., and for their Complaint against Defendants **BSREP UA 3333 BROADWAY LLC** and **UAB PROPERTY MANAGEMENT, LLC** allege as follows:

### NATURE OF THE CASE

1. Plaintiff **TONYA CAPERS**, who is disabled and relies on a wheelchair for ambulation, requested from the defendants in April 2023 a reasonable modification to replace the bathtub in her apartment's bathroom with a roll-in shower. Due to the nature of her disability, Ms. Capers is unable to safely transfer from her wheelchair to a shower bench in the bathtub to take a shower, and *vice versa*. Consequently, without having a roll-in shower, she faces the risk of severe injury each and every time she bathes.

2. Ms. Capers did not a request the defendants to cover the cost of this modification. Despite this, the defendants denied her request.

3. In addition to the above, Ms. Capers has repeatedly informed Defendants for over a year that the refrigerator in her apartment is inaccessible due to clearance and space issues resulting from the direction in which the door opens. The refrigerator, which is included with the apartment, is supplied and maintained by Defendants. Although Ms. Capers has repeatedly

requested that the defendants replace the current left-handed door with a right-handed door, Defendants have not responded to her requests. By refusing to provide Ms. Capers with the aforementioned reasonable modification and accommodation, Defendants have denied her with equal housing opportunity.

4. Accordingly, Plaintiff files the instant action against Defendants seeking to enjoin Defendants' discriminatory practices which violate the Fair Housing Act, New York State Human Rights Law, and New York City Human Rights Law.

5. Plaintiff seeks a declaratory judgment, and equitable and injunctive relief for Defendants' housing and disability discrimination in violation of Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (hereinafter "FHA"), New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.*, and New York City Human Rights Law § 8- 107, *et seq*.

6. Additionally, Plaintiff seeks compensatory damages against each Defendant for each violation of the FHA, New York State Human Rights Law, and New York City Human Rights Law.

7. Plaintiff seeks punitive damages against each Defendant for their reckless and/or callous indifference to their rights under the Fair Housing Act, and New York State Human Rights Laws, and New York City Human Rights Law.

**JURISDICTION AND VENUE**

8. During all relevant times, Plaintiff is now, and at all times mentioned in this complaint, a resident in Manhattan, New York.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. § 2201, and 42 U.S.C. § 3613.

2

10. This Court has supplemental jurisdiction over the New York State and New York City causes of action pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, or omissions, giving rise to this action, including the unlawful practices alleged herein, occurred within the District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants' principal offices are located in New York County.

## THE PARTIES

13. Plaintiff **TONYA CAPERS** has a physical disability and is unable to walk.

14. During all relevant times, Plaintiff **TONYA CAPERS** has been a resident of New York County, New York.

15. During all relevant times, Plaintiff **TONYA CAPERS** has been a qualified tenant of an apartment located at 3333 Broadway, New York, NY.

16. During all relevant times, Defendant **BSREP UA 3333 Broadway LLC** has been a foreign limited liability company authorized by the Secretary of State of New York to do business in New York State with its principal County of business designated as New York County, New York.

17. During all relevant times, Defendant **BSREP UA 3333 Broadway LLC** has been landlord of the property located at 3333 Broadway, New York, New York.

18. Upon information and belief, and during all relevant times, Defendant **BSREP UA 3333 Broadway LLC** has retained Defendant **UAB PROPERTY MANAGEMENT, LLC** to manage the property located at 3333 Broadway, New York, New York.

19. During all relevant times, Defendant **UAB PROPERTY MANAGEMENT, LLC** has been a foreign limited liability company authorized by the Secretary of State of New

3

York to do business in New York State with its principal County of business designated as New York County, New York.

20. During all relevant times, Defendant **UAB PROPERTY MANAGEMENT, LLC** has been the management company of the multifamily apartment buildings owned by Defendant BSREP UA 3333 Broadway LLC located at 3333 Broadway, New York, NY.

21. During all relevant times, Defendant **UAB PROPERTY MANAGEMENT, LLC** has been the property management company which managed the apartment of Plaintiff **Tonya Capers.**

## STATUTORY AND REGULATORY FRAMEWORK

22. Under the Fair Housing Act, New York State Human Rights Law, and New York City Human Rights Law a housing provider is required to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities equal opportunity to use and enjoy a dwelling.

23. Under the Fair Housing Act, a housing provider is also required to permit, at the expense of the disabled person, reasonable modifications of existing premises occupied by such person if such modification may be necessary to afford such person full enjoyment of the premises.

24. To encourage owners of multifamily dwelling developments to be active supervisors of their subordinates, the Fair Housing Act, New York State Human Rights Law, and New York City Human Rights Law impose vicarious liability upon principals or employers for the acts of their agents or employees. Consequently, a principal is legally responsible for the acts, conduct, and statements of their agent.

25. The Fair Housing Act, New York State Human Rights Law, and New York City Human Rights Law prohibits discrimination in the terms, conditions, or privileges of a rental, or

4

in the provision of services of facilities in connection with the sale of a dwelling because of disability, 42 U.S.C. § 3604(f)(2).

26. The New York City Human Rights Law (NYCHRL) mandates that housing providers, including management companies, engage in a cooperative dialogue with persons who request reasonable accommodations based on disability. This cooperative dialogue aims to identify and provide necessary accommodations.

## FACTUAL BACKGROUND

27. During all relevant times, Plaintiff Tonya Capers has had a neurological condition resulting from the inflammation of the spinal cord, which has led to paralysis. As such, she is substantially limited in standing, walking, maintaining her balance, and using her upper and lower extremities.

28. Because of the foregoing impairments, Ms. Capers cannot stand and has no trunk support. Therefore, must shower in a seated position.

29. During all relevant times, Plaintiff's mobility impairments were obvious because of her use of a wheelchair, and she has interacted with Defendant's agents multiple times.

30. In November 2022, Plaintiff entered into an annual Proprietary Lease with BSREP UA 3333 Broadway LLC for an apartment in a multifamily apartment building located at 3333 Broadway, New York, NY. The parties renewed the lease in November 2023.

31. In December 2022, Ms. Capers fell out of her wheelchair causing her to severely herniated several cervical discs that resulted in substantial nerve damage, pain, numbness in her upper extremities and paralyzed her left arm.

32. Two months later, in February 2023, Ms. Capers was hospitalized for 40 days due to having spinal and cervical disc surgeries.

33. While Ms. Capers' left arm is no longer paralyzed, she does not have full range of motion in the arm and is substantially limited in raising it. Ms. Capers also continues to have numbness in part of her upper extremities and significant nerve pain.

34. Upon being discharged from the hospital, Ms. Capers informed Defendant's Office Manager, Fiodi Plani, that because of the added disabling limitations from her accident, she could no longer safely transfer from her wheelchair to the shower bench in the bathtub. Accordingly, Ms. Capers asked Ms. Plani permission to make a reasonable modification to her bathroom by installing a roll-in shower, grab bars, and a detachable showerhead. Ms. Capers also made it clear to Ms. Plani that she was not asking Defendants to pay for any of this.

35. In response, Ms. Plani instructed Ms. Capers to obtain a physician's letter to support her requested modifications.

36. In or around August 2023, Ms. Capers provided Defendants' agent with a letter from her physician. The letter identified her disabling limitations and provided an explanation of how the requested modifications to the bathroom would allow Ms. Capers to have safe and equal opportunity to shower.

37. In or around September 2023, Ms. Plani informed Ms. Capers that management denied her request for a reasonable modification to install a roll-in shower because they claimed it could cause flooding.

38. To date, the bathroom shower has not been modified and remains inaccessible, as well as a safety hazard for Ms. Capers.

39. Since being discharged from the hospital, Ms. Capers has fallen onto the floor several times while attempting to transfer from her wheelchair onto the shower bench.

40. To date, Defendants have failed to engage Ms. Capers in a cooperative dialogue, as

required by New York City Human Rights Law, to identify necessary reasonable accommodations.

41. Furthermore, Defendants have never provided Ms. Capers with a written response to her request for reasonable modifications to the bathroom.

42. Because the bathroom remains inaccessible and a danger, Ms. Capers is genuinely terrified of using her own shower.

**No Access to Open the Door of the Refrigerator**

43. Prior to May 2023, Ms. Capers had a right-hand swing door refrigerator. The direction the refrigerator door opens is important to Ms. Capers because there is insufficient clear floor space and maneuvering clearance in the kitchen for a left-swinging door.

44. In or around May 2023, during a time when Ms. Capers was not at home, Defendants entered her apartment and replaced the aforementioned refrigerator, which had become inoperable, with a refrigerator that has a left-swing door.

45. Since May 2023, Ms. Capers has informed Defendants numerous times that this new refrigerator is inaccessible to her because of the clearance and maneuverability issues it poses. Thus, she has asked Defendants to install a right-hand swing door on the refrigerator. To date, this has not been done.

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION
### (Violations of the Fair Housing Act, 42 USC 3604 et seq.)

46. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

47. During all relevant times, Plaintiff has had a handicap as defined in 42 U.S.C. §

3602(h).[1]

48.     Plaintiff is an "aggrieved person" as defined in 42 U.S.C. §§ 3602(i) and 3613(a)(1)(A).

49.     During all relevant times, Defendant **BSREP UA 3333 Broadway LLC** has been the landlord to the multifamily dwelling development located at 3333 Broadway, New York, NY. The development contains four or more units. As such, it is a covered multifamily dwelling as defined in U.S.C. § § 3604(f)(7).

50.     During all relevant times, Defendant **Urban American Management, LLC** has been the management company to the multifamily dwelling development located at 3333 Broadway, New York, NY.

51.     Defendants have discriminated against Plaintiff in the rental, or to otherwise make unavailable or deny a dwelling to Plaintiff because of disability in violation of 42 U.S.C. § 3604(f)(1).

52.     Defendants have discriminated against Plaintiff in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability in violation of 42 U.S.C. § 3604(f)(2).

53.     Defendants have discriminated against Plaintiff by refusing to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises in violation of 42 U.S.C. § 3604(f)(2)(B).

---

[1] The Fair Housing Act Amendments ("FHAA") uses the term "handicap" rather than "disability." Both terms have the same legal meaning. *See Bradgon v. Abbott*, 524 U.S. 624, 631 (1998). This complaint uses the terms "disability" and "handicap" interchangeably. The term "disability" is more generally accepted.

54. Defendants have discriminated against Plaintiff by refusing to make reasonable accommodations in the rules, policies, practices, or services, when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling in violation of 42 U.S.C. § 3604(f)(3)(B).

55. The reasonable modifications requested by Plaintiff are reasonable and necessary to afford Ms. Capers full enjoyment of the dwelling.

56. Defendants have pursued their discriminatory practices for the purpose, and/or with the effect, of excluding individuals with physical disabilities from residing at Defendant's multifamily dwelling development.

57. As a direct and proximate result of Defendants' unlawful discrimination in violation of the Fair Housing Act, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, headache and attendant bodily injury, stomach-ache, digestive disorder, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain, and otherwise sustained injuries.

58. As a direct and proximate result of Defendants' unlawful discrimination in violation of the Fair Housing Act, Plaintiff has been injured and has suffered lost housing opportunity.

59. Defendants' discriminatory actions were intentional, willful, and with reckless disregard for the rights of the Plaintiff. Defendants also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, Plaintiff is entitled to punitive damages under 42 U.S.C. § 3613(c).

## SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Law)

60. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

61. Plaintiff Tonya Capers and Defendants are "persons" as defined in New York State Executive Law § 292(1).

62. Plaintiff's apartment located at 3333 Broadway, New York, NY is a "housing accommodation" as defined in New York State Executive Law § 292(10).

63. Defendant's multifamily dwelling located at 3333 Broadway, New York, NY contains three or more separate housing accommodations.

64. Defendant's multifamily dwelling located at 3333 Broadway, New York, NY is a "multifamily dwelling" as defined in New York State Executive Law § 292(12).

65. Plaintiff has a disability as defined in New York State Executive Law § 292(21).

66. Defendants have discriminated against Plaintiff, on the basis of disability, in the terms, conditions or privileges of rental or lease of any such housing accommodation or in the furnishing of facilities or services in connection therewith in violation of New York State Executive Law §§ 296(5)(a)(2) and 296(5)(b)(2).

67. Defendants and their agents have aided, abetted, incited, compelled, or coerced the doing of any of the acts forbidden under New York State Human Rights Law, or attempted to do so in violation of New York State Executive Law § 296(6).

68. Defendants have discriminated against Plaintiff by refusing to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises in violation of New York State Executive Law § 296(2-a)(d)(1).

69. Defendants have discriminated against Plaintiff by refusing to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full

enjoyment of the premises in violation of New York State Executive Law § 296(18)(1).

70. Defendants have discriminated against Plaintiff by refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling in violation of New York State Executive Law § 296(18)(2).

71. As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York State Executive Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, headache and attendant bodily injury, stomach-ache, digestive disorder, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain, and otherwise sustained injuries.

72. As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York State Executive Law, Plaintiff has been injured and has suffered lost housing opportunity.

73. Defendants' discriminatory actions in violation of New York State Executive Law were intentional, willful, and with reckless disregard for the rights of the Plaintiff. Defendants also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, Plaintiff is entitled to punitive damages under New York Executive Law § 297(10).

## THIRD CAUSE OF ACTION
### (Violations of New York City Human Rights Law)

74. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

75. During all relevant times, Plaintiff has had a disability as defined by New York City

Human Rights Law, NYC Administrative Code § 8-102(16).

76. Plaintiff is a person as defined by New York City Human Rights Law § 8-102(1).

77. The apartment building where Plaintiff resides, is a "housing accommodation" as defined by New York City Human Rights Law § 8-102(10).

78. Plaintiff has made a "reasonable accommodation" as defined in New York City Human Rights Law, NYC Administrative Code § 8-102(18).

79. Defendants have discriminated against Plaintiff because of actual or perceived disability in the terms, conditions, or privileges of the lease of a housing accommodation or an interest therein or in the furnishing of facilities or services in connection therewith, in violation of New York City Human Rights Law, NYC Administrative Code § 8- 107(5)(a)(1) (b).

80. Defendants have aided, abetted, incited, compelled and coerced the doing of acts forbidden under the Administrative Code, or attempted to do so in violation of New York City Human Rights Law, NYC Administrative Code § 8- 107(6).

81. Defendants have discriminated against Plaintiff for failing to make reasonable accommodation to enable Plaintiff, a person with a disability, to have equal opportunity to use and enjoy a dwelling in violation of New York City Human Rights Law, NYC Administrative Code § 8-107(15).

82. The reasonable accommodation requested by Plaintiff does not impose an undue hardship.

83. With the reasonable accommodation, Plaintiff can enjoy the right or rights in question.

84. Defendants have discriminated against Plaintiff for refusing or otherwise failing to engage in the cooperative dialogue within a reasonable time with Plaintiff who has requested an

accommodation in violation of New York City Human Rights Law, NYC Administrative Code § 8-107(28)(c).

85. Defendants have failed to engage Plaintiff in a cooperative dialogue to discuss the reasonable accommodation requested within a reasonable time.

86. Defendants failed to provide Plaintiff with a written determination identifying any accommodation granted or denied.

87. As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, headache, stomach-ache, digestive disorder, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain, and otherwise sustained injuries.

88. As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York City Human Rights Law Plaintiff has been injured and has suffered lost housing opportunity.

89. Defendants' discriminatory actions were intentional, willful, and with reckless disregard for the rights of the Plaintiff. Defendants also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, under New York City Human Rights Law § 700.29(A)(4), Plaintiff is entitled to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

13

    A.     Plaintiff seeks declaratory judgment, declaring that the conduct of Defendants constitutes violations of the Fair Housing Act Amendments, New York State Human Rights Law, and New York City Human Rights Law.

    B.     Issue an injunction permanently enjoining Defendants' agents, employees, and successors, and all other persons in active concert or participation from discriminating on the basis of disability against any persons in violation of the Fair Housing Act of 1968, as amended, New York State Human Rights Law, and New York City Human Rights Law, including an injunction prohibiting the following:

        (1)     Disability discrimination in violation of the Fair Housing Act Amendments, New York State Human Rights Law, and New York City Human Rights Law;

        (2)     Aiding, abetting, coercing, intimidating and discriminating based on disability;

        (3)     Refusing to make a reasonable accommodations;

        (4)     Refusing to make a reasonable modification; and

        (5)     Refusing to engage in an interactive process within a reasonable time;

    C.     Permanent injunction requiring Defendants to

        (1) Make all necessary reasonable modifications to comply with fair housing laws;

        (2) make all necessary reasonable accommodations to comply with fair housing laws;

        (3) replace the refrigerator located in Plaintiff's apartment with a right-hand swing door refrigerator;

    (4) provide Ms. Capers with permission to replace the bathtub with a roll-in shower and make the necessary modifications to the bathroom so that she has equal opportunity to use and enjoy her bathroom;

    (5) engage Ms. Capers in the cooperative dialogue within a reasonable time to determine the necessary accommodation;

    (6) provide Ms. Capers with a written determination identifying any accommodation granted or denied; and

    (7) train all management, agents, and employees on fair housing laws;

  D. Have the court retain jurisdiction over the Defendants until the Court is satisfied that their unlawful practices, acts and omissions no longer exist and will not reoccur.

  E. An award of actual, nominal, compensatory and punitive damages for Defendants' violation of the FHA and New York City Human Rights Law.

  F. Award such damages to Plaintiff to compensate for the injuries caused by Defendants' unlawful discrimination in violation of the Fair Housing Act;

  G. Award such damages to Plaintiff to compensate for the injuries caused by Defendants' unlawful practices in violation of New York State Executive Law;

  H. Award such damages to Plaintiff to compensate for injuries caused by Defendants' unlawful practices in violation of New York City Human Rights Law,

  I. Award punitive damages to Plaintiff for Defendants' violation of the Fair Housing Act, New York State Executive Law, and New York City Human Rights Law;

  J. Award Plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

  K. Grant Plaintiff such other further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial on the merits by jury pursuant to Fed. R. Civ. P. 38.

Dated: October 23, 2024

                          **LAW OFFICE OF JAMES E. BAHAMONDE, P.C.**

By: _____/s/ J-B_____
          James E. Bahamonde
          2501 Jody Court
          North Bellmore, NY 11710-1940
          Tel. (646) 290-8258
          James@CivilRightsNY.com

          *Attorneys for Plaintiff*