USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONYA CAPERS,

            Plaintiff,

-against-

BSREP UA 3333 BROADWAY LLC, et al.,

            Defendants.

24-CV-03892 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    On September 10, 2025, Plaintiff submitted two letters (Dkt. Nos. 92 & 93) seeking a discovery conference and an order compelling Defendants to remedy allegedly deficient responses to Plaintiff's requests for production of documents. Defendants filed a responsive letter (Dkt. No. 95) on September 16, 2025. The Court held a conference on September 19, 2025 to resolve the disputes. The Court has "broad discretion in managing discovery." *In re Mirena IUS Levonorgestrel-Related Products Liab. Lit. (No. II)*, 982 F.3d 113, 125 (2d Cir. 2020). After considering the letters submitted by both parties and hearing from counsel during conference, and pursuant to the Court's broad discretion in managing discovery, it is hereby ORDERED that:

(1) Plaintiff's motion to compel disclosure of documents concerning Defendants' financial condition is denied without prejudice. Because Defendants will not argue that they lacked the financial means to make Plaintiff's requested accommodation, such discovery would only be relevant to punitive damages. Discovery on that topic, however, would be premature at this juncture and would not assist in the efficient resolution of this case. *Accord Pasternak v. Dow Kim*, 275 F.R.D. 461, 463 (S.D.N.Y. 2011); *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09-cv-01608, 2010 WL 1327921, at *16 (S.D.N.Y. Apr. 5, 2010). Accordingly, the Court will deny this request without prejudice to renewal at the conclusion of dispositive motion practice. Plaintiff's motion to compel Defendants to update their responses to request numbers 11 and 12 of Plaintiff's second request for production of documents is also denied without prejudice for the same reasons.

(2) Plaintiff's motion to compel disclosure of documents concerning certain work-related documents of Defendants' employees is granted in part. Specifically, Defendants must disclose on or before **September 30, 2025,** the employee handbook referenced in its September 16, 2025 letter (Dkt. No. 95). Defendants have represented that there are no other similar employee policy documents germane to the issues in this case. Defendants must also produce by **September 30, 2025,** job descriptions during any relevant time period for the named employees, as well as any complaints or records of disciplinary actions against any of the named employees that involved (i) discrimination against a disabled tenant; or (ii) failure to make requested accommodations to the residence of a disabled tenant. The Court otherwise denies Plaintiff's general request for

2

documents specific to any individual, including job performance reviews, employment contracts, or disciplinary records unrelated to discrimination against a disabled tenant or to a failure to make requested accommodations to a disabled tenant's residence.

(3) Plaintiff's motion to compel disclosure of documents clarifying the relationship between Defendants and the new owner and new manager of the apartment building is granted in part. By **September 30, 2025,** Defendants must provide certain supplemented responses to request numbers 1 through 5 and 7 of Plaintiff's second request for production of documents. Specifically, Defendants must provide documents sufficient to clarify the corporate relationship and any ownership arrangement or relationship between Defendants and the apartment building's new owner and its new manager. Defendants' disclosure must also include the portions of any applicable sales contract or terms of sale or other sale document concerning the effect of the transaction on any liabilities of the Defendants (including any assumption of liabilities or other obligations by the new owners or new management company that occurred pursuant to the transaction). The Court will not otherwise order that Defendants provide communications between Defendants and the apartment building's new owner or its new manager.

(4) The close of fact discovery is hereby EXTENDED until November 21, 2025. Parties are advised that—absent truly exceptional circumstances—the deadline for the close of fact discovery will not be extended further.

As discussed at the September 19 conference, counsel are urged to work together in a professional and conscientious manner to resolve disputes and ensure that both sides have the necessary information for their claims and defenses prior to the close of fact discovery on November 21, 2025. The Court remains available to assist with further settlement discussions, if both parties agree it would be helpful.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 92 & 93.

Dated: September 22, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge