USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___10/14/2025___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONYA CAPERS,

                              Plaintiff,

          -against-                                    24-CV-03892 (MMG)

BSREP UA 3333 BROADWAY LLC, et al.,                    **ORDER**

                              Defendants.


MARGARET M. GARNETT, United States District Judge:

Discovery is straightforward in most cases. This case, unfortunately, is not one of them. On numerous occasions, the Court has had to intervene to resolve discovery disputes between the parties and extend the close of fact discovery. Plaintiff's counsel now asks the Court to sanction Defendants' counsel for failing to comply with the Court's Order of September 22, 2025. Because Defendants' counsel is in blatant violation of that Order, the motion for sanctions is GRANTED.

On September 10, 2025, the Court received two letters from Plaintiff's counsel alleging that Defendants' counsel had failed to provide discovery on a variety of topics, ignored communications from Plaintiff's counsel, and was 150 days late in responding to discovery requests. *See* Dkt. Nos. 92 & 93. Defendants' counsel responded by letter on September 16, 2025.[1] Dkt. No. 94. The Court held a conference on September 19, 2025, to resolve the dispute, the third such conference the Court has held in this matter. *See* Dkt. No. 70 (January 22, 2025 conference); Dkt. No. 87 (July 21, 2025 conference). During the conference, the Court heard from the parties and issued an oral ruling directing Defendants' Counsel to turn over several categories of documents on or before September 30, 2025. The Court also indicated that the parties could—if they so desired—submit a proposed protective order for the Court's review, and referred counsel to the model protective order on the Court's website. The Court then issued a written order on September 22, 2025, memorializing the oral order issued at the conference. The Order extended the close of fact discovery until November 21, 2025. And, in no uncertain terms, it required Defendants' counsel to provide Plaintiff's counsel certain documents on or before September 30, 2025.

Two weeks after that deadline, by letter dated October 13, 2025, Plaintiff's counsel informed the Court that Defendants' counsel had made none of the required disclosures by September 30, 2025. Dkt. No. 99. Plaintiff's counsel now seeks sanctions for the delay (the "Motion"). *Id.* Defendants' counsel responded on October 14, 2025. *See* Dkt. No. 100. The

---

[1] The Court's Individual Rules require a response to discovery dispute letters within two business days. When no response was filed, the Court's staff inquired on the afternoon of Friday, September 12, and was told by Defendants' counsel that he would respond on Monday, September 15. On Monday, September 15, Defendants' counsel requested an additional day to file his response.

response does not controvert that none of the required disclosures have been made. Instead, the response highlights that the Court indicated the parties could file a proposed confidentiality order to facilitate the required discovery. *Id.* The response states that Defendants' counsel provided Plaintiff's counsel a proposed confidentiality order on September 30 and that Plaintiff's counsel returned the document on October 3, 2025. *Id.* And it represents that Defendants' counsel is "preparing a response for" Plaintiffs' counsel and "expect[s] to have it to him by October 16, 2025." *Id.*

Federal Rule of Civil Procedure 37(b)(2) permits the Court to impose "just" sanctions on a party or a party's attorney that fails to comply with a court's discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A); *Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 545 (2d Cir. 2023). These sanctions become available once a party violates a "clearly articulated order of the court requiring specified discovery." *Susana v. NY Waterway*, 662 F. Supp. 3d 477, 493 (S.D.N.Y. 2023) (citing authority omitted). In determining whether to impose a sanction under Rule 37, courts weigh the *Agiwal* factors, looking to "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *J.C. v. Zimmerman*, 150 F.4th 136, 146 (2d Cir. 2025) (citing *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302–03 (2d Cir. 2009)). The Court considers the entirety of the record in weighing these factors. *Id.*

The Court's September 22, 2025 order identified in detail several documents that Defendants were required to provide Plaintiff by September 30, 2025. These were not new items, but rather items that had been requested by Plaintiff weeks or months prior and had been sought repeatedly and unsuccessfully. Two weeks after that deadline has passed, Defendants have still failed to turn over the required documents. Accordingly, Defendants are in plain violation of a clearly articulated Court Order requiring discovery, and sanctions are available under Rule 37 depending on the *Agiwal* factors.

The first *Agiwal* factor is the "reason for noncompliance." *J.C.*, 150 F.4th at 146. This factor supports a sanction because Defendants' counsel has failed to provide a satisfactory reason for his failure to comply with the Court's Order. In his response to the Motion, Defendants' counsel stated that he provided Plaintiff's Counsel with a proposed confidentiality order on September 30. Defendants' counsel thereby seems to suggest that any delay in complying with the Court's Order is attributable to Plaintiff's counsel's failure to return the proposed protective order with alacrity. This explanation is direly insufficient. Defendants were ordered to ***turn over the discovery materials*** by no later than September 30, 2025. That Order did not allow Defendants to wait until the last moment (the literal day they were supposed to be turning over the discovery) to submit a proposed confidentiality order in lieu of the Court-ordered materials. *See also Ramgoolie v. Ramgoolie*, 333 F.R.D. 30, 35 (S.D.N.Y. 2019) ("Noncompliance with a court's discovery order is willful when the order is clear, the party understood the order, and the failure to comply is not due to factors beyond the party's control."). Furthermore, although Defendants' counsel concedes that Plaintiff's counsel signed off on the proposed order on October 3, Defendants' counsel did not even submit the proposed order for Court approval until eleven days later, on October 14, 2025. *See* Dkt. No. 101.

The second *Agiwal* factor is the "efficacy of lesser sanctions." *J.C.*, 150 F.4th at 146. This factor, too, supports sanctions. The Court has intervened through multiple conferences to address discovery disputes. During these conferences, the Court has already warned, chided, and extolled the parties to work collaboratively and efficiently to resolve disputes and conclude discovery. The Court has also repeatedly excused delays and missed deadlines on the part of Defendants and their counsel, and worked to find reasonable and pragmatic solutions that would at long last move this case forward. Just weeks after the last such conference, the Court must again resolve a discovery dispute, this time involving Defendants' violation of a Court Order. Defendants' counsel's response to the Motion also blithely states that Defendants' counsel is preparing a response for Plaintiff's counsel, "which I expect to have to him by October 16, 2025." This response does not indicate that Defendants' counsel understands the gravity of his continuing disregard of a Court Order. And, in its discretion, the Court determines that lesser sanctions are insufficient to facilitate the speedy and effective resolution of this case.[2]

The third factor is the duration of noncompliance. *J.C.*, 150 F.4th at 146. "[I]n determining whether Rule 37 sanctions are warranted, the district court may 'weigh not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit." *Id.* at 147 (quoting *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011). Two weeks have now elapsed since the Court-ordered September 30, 2025 deadline, which came about only after Defendants' counsel failed for weeks or months to produce documents, and Plaintiff's counsel had to seek the Court's intervention. Defendants' counsel has indicated he expects to have a "response" ready for Plaintiff's counsel by October 16, 2025. It is unclear whether that "response" will include the Court-ordered discovery. Furthermore, a review of the entire record reveals a repeated failure of Defendants to make timely filings or response, both to Plaintiff and to the Court. These failures have on numerous instances necessitated the Court's staff contacting Defendants' counsel directly to solicit belated filings. Thus, the third factor supports sanctions, as well.

The fourth factor is whether the non-compliant party has been warned of the consequence of noncompliance. *J.C.*, 150 F.4th at 146. The Court has not explicitly warned Defendants' counsel that failure to make timely filings, or failure to comply with this specific Order, would result in sanctions. But it has repeatedly called on the parties to make timely filings and to meet their professional obligations to one another. And, regardless of whether this factor cuts the other way, all the other *Agiwal* factors support sanctions.

Accordingly, because Defendants are in clear violation of a Court order, and upon weighing the *Agiwal* factors against the entire record of this case, it is hereby ORDERED that[3]:

---

[2] The Court recognizes that Defendants' counsel disclosed at the September 19 Conference that he would be out of the country on a personal vacation during the first two weeks of October. However, far from excusing the failure to comply with the Court's Order, it only makes the situation worse, as Defendants' counsel was well-aware that if he did not produce the documents as directed by the deadline, he would not personally be in a position to comply for another two weeks.

[3] The Court need not conduct an evidentiary hearing because there are no disputes of fact that would affect the Court's decision to impose Rule 37 sanctions. *See J.C.*, 150 F.4th at 149–50.

(1) Defendants shall turn over the materials specified in the Court's Order of September 22, 2025, within 24 hours of this Order being docketed.

(2) The Court will impose sanctions against Defendants and their counsel, Mr. Haydn J. Brill, payable to Plaintiff. This liability shall be joint and several between Defendants and Mr. Brill. Specifically, Defendants and/or their counsel must pay **$200** for each and every day after the time in (1), above, that Defendants' counsel has not turned over **all** the materials required by the Court's September 22, 2025 Order.[4]

The Clerk of Court is respectfully directed to terminate Dkt. No. 99.

Dated: October 14, 2025
     New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[4] For example, if the Court's Order is filed on October 15, 2025, and Defendants' counsel turned over the materials on October 17, 2025, Defendants and their counsel would owe $200 to Plaintiff. If Defendants' counsel turned over some of the required discovery on October 17, 2025, and the remainder of the required discovery on October 18, 2025, Defendants and their counsel would owe $400 to Plaintiff.